(No. 703—Claim denied.)

LOUIS W. FEIL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 16, 1925.*

*Rehearing denied January 19, 1927.*

RESPONDEAT SUPERIOR—*State not liable for negligence of its employees.* The State is not liable for the negligence or torts of its employees.

JOEL C. CARLSON, for claimant.

OSCAR E. CARLSTROM, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This is a case for the recovery of injuries sustained by claimant, who sets forth in his declaration that on to-wit: January 23, 1923, he was driving his Oldsmobile touring car on the Lincoln Highway, a state road, his destination being Frankfort, Illinois, and when about eight miles west of Chicago Heights, Illinois, on said Lincoln Highway, the claimant collided with a truck belonging to the State of Illinois used by and under the control of, the Division of Highways of the Department of Public Works and Buildings; that said truck was standing on the right hand side of said Lincoln Highway, but in the roadway; that the person in charge of said truck was in the act of burning some refuse by the side of the highway; that the smoke from said fire obscured from the view of the claimant the said truck and that by reason of said negligence of the operator of said truck in leaving said truck on the highway and also by reason of the negligence of said operator of said truck in making said fire and causing said smoke to obscure the truck from view of the claimant, the claimant collided with the truck and almost entirely demolished his Oldsmobile, and injured claimant.

The Attorney General, on behalf of the State of Illinois, has filed a demurrer, which demurrer, as a matter of law, is sustained.

The court has carefully reviewed all the evidence presented in this case, and we find that there is no liability on the part of the State of Illinois; that claimant is guilty of contributory negligence, and that his contributory negligence, in driving through the smoke, at the rate of seventeen or eighteen miles an hour, and keeping on for about 140 or 150 feet through said smoke until he collided with the truck, was the cause of the accident. There is a conflict in the testimony relative to facts existing at the point of the accident, claimant stating that his view was totally obscured by the smoke, while Rushing testified that he could clearly see the truck twenty or thirty feet away, Rushing being the maintenance foreman and patrolman, employed by the State Division of Highways, and in charge of the Section of the road where the accident occurred.

For the reasons set forth, the demurrer is sustained, and the case dismissed.

---

*Opinion on Rehearing filed January 19, 1927.*

The claimant in the above entitled cause has asked for a rehearing of his case. While we have a deep sympathy for this elderly gentleman who was injured while driving on the State highway, we must be guided by the law, and the facts, as we see them. As heretofore stated we believe that this claimant was guilty of contributory negligence, in driving his car through a dense smoke, at the rate of 17 or 18 miles an hour, and keeping on for about 140 to 150 feet through said smoke until he collided with a truck, under the control of the Division of Highways of the Department of Public Works and Buildings. The testimony shows that the operator of the truck saw claimant, although he was 20 or 30 feet away from him, immediately upon the happening of the accident; that another car had passed the truck shortly before the accident occurred, without any trouble.

The decision heretofore rendered is affirmed.